# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Intergrity Capital Solutions, Inc., a Florida Corporation, Harvery Scholl an indiviudal, Michele Sharpe an individual, [see attached cont sheet]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Anton Ewing

FOR COURT USE ONLY
<br>*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/11/2016** at 08:00:00 AM

Clerk of the Superior Court
By Jessica Pascual,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
**¡AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*: Superior Court of California | CASE NUMBER:<br>*(Número del Caso)*: 37-2016-00011562-CU-BT-CTL |
|---|---|

330 West Broadway, San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
Anton Ewing, 3077 Clairemont Drive #372, San Diego, CA 92117  619-719-9640

| DATE: 04/11/2016<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | *J. Pascual*<br>J. Pascual | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1

Anton Ewing
3077 Clairemont Drive #372
San Diego, CA 92117
619-719-9640
anton@antonewing.com

2

3

4

Plaintiff In Pro Per

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/11/2016** at 08:00:00 AM
Clerk of the Superior Court
By Jessica Pascual,Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ANTON EWING,<br><br>       Plaintiff,<br><br>      vs.<br><br>Integrity Capital Solutions, Inc. a Florida corporation,<br>Harvey Scholl an individual,<br>Michele Sharpe an individual et al.<br>DOES 1-100;<br>ABC CORPORATIONS 1-100;<br>XYZ, LLC's 1-100.<br><br>      Defendants | Civil Case No. 37-2016-00011562-CU-BT-CTL<br><br>**COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S INVASION OF PRIVACY ACT, CAL. PENAL CODE SECTION 630, *ET SEQ.*;**<br>**18 U.S.C. §1964(c) RICO;**<br>**47 U.S.C.§227 TCPA – ROBO SPAM CALLER,**<br>**FRAUD;**<br>**B&P §17200 – UNFAIR BUSINESS PRACTICES ACT**<br><br>**Judge:**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Anton Ewing ("Plaintiff"), on behalf of himself (in propria persona), alleges as follows against defendants Integrity Capital Solutions, Inc., (herein "ICS"), Harvey Scholl, an individual (herein "Scholl"), Michele Sharpe, and individual (herein "Sharpe"), (Collectively herein "ICS RACKATEER"), DOES 1-100, ABC CORPORATIONS 1-100, and XYZ, LLC's 1-100.

COMPLAINT - 1

Plaintiff has never had any prior business relationship with any of the Defendants. Plaintiff's cellular telephone number 619-719-9640 is a private personal cellular telephone number.   Plaintiff has never granted Defendants permission to contact Plaintiff.

### JURISDICTION TO HEAR THIS COMPLAINT IN STATE COURT

Plaintiff Anton EWING (herein "EWING") brings this action for multiple violations of California's Privacy Act and California Penal §630, et seq. by Defendants as hereinafter described.  The causes of action are, in large part, state law violations regarding illegal recording, unfair business practices, fraud, and robo-dialing.  In addition, Defendants have violated 48 U.S.C. §227.

### Standard Applicable to a Preliminary Injunction

To demonstrate his entitlement to a preliminary injunction, Plaintiff EWING must show (a) that he will suffer irreparable harm and (b) either (i) a likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiffs' favor.

This Court has personal and subject matter jurisdiction and venue over state law claims and may hear pendant federal law violations.

The Court is requested to enter an order for preliminary injunction to prohibit Defendants from calling or spamming Plaintiff and to prohibit Defendants from selling his personal confidential information to third parties.

### FICTITIOUS DEFENDANTS

Does 1-100, ABC Corporations 1-100 and XYZ, LLC's 1-100, are each sued fictitiously because their true names are currently unknown but leave to amend is hereby reserved and amendment will be made to properly name said defendants as soon as discovery allows therefor.

COMPLAINT - 2

## GENERAL ALLEGATIONS & CORPORATE BACKGROUND

1.     Plaintiff Anton Ewing is a U.S. citizen and a resident of the City of San Diego, County of San Diego, State of California.

2.     Defendant ICS, is a corporation formed by the Secretary of State of Florida and is not registered to do business in California at any time relevant to this case.   ICS does not have a California Finance Lender license even though it sells loans to California residents.   ICS purposefully directed its activities into California and has availed itself of the benefits and protections of California law.  ICS has its registered agent for service of process on CT Corporation System in West Palm Beach, Florida.  This action arises out of Defendants' violations of California's Invasion of Privacy Act, Cal. Penal Code §630, *et seq.* ("CIPA"), which prohibits the recording of confidential communications without the consent of all parties to the conversation as well as violations of Racketeering Influence and Corrupt Organizations Act, 18 U.S.C. §1964 and the Telephone Consumer Protection Act, 47 U.S.C. §227. Additionally, as a pendant claim, Defendants have violated California Public Utility Code section 2873 by using an automated dialer and automated answering device to call Plaintiff.

3.     During the period relevant herein and continuing presently, Defendant ICS was and continues to be the alter ego of Defendant Scholl and Sharpe.

4.     On March 21, 2016, Defendant ICS, or one of its employees, agents or contractors at its direction and control, called Plaintiff from 855-978-3863 on Plaintiff's personal cellular telephone at 619-719-9640 for which EWING has expressly informed the public to not make solicitation calls via national do-not-call list registration as well as other public warnings.  A personal cellular phone is not even required to be listed on the National Do Not Call list in order to receive protection from spam telemarketers.

5.      During the period relevant herein, ICS RACKETEER Defendants were a provider of information technology and centralized operational and back-end support services to the ICS RACKETEERS, and all of its subsidiaries. As such, the ICS RACKETEERS, provided the infrastructure for dialing and recording the calls at issue in this litigation.  The ICS RACKETEERS use automated telephone dialing systems and recording devices at the direction of the ICS RACKETEERS, and its relevant subsidiaries.  The ICS RACKETEERS also managed the call centers and telephony architecture and telephone recordings for the enterprise, and its subsidiaries, including Defendant ICS.  The ICS RACKETEERS continue to manage call centers and recordings on behalf of the racketeering enterprise business.  Defendant ICS is technologically sophisticated and Defendant ICS employs this high level of knowledge and know-how to run its criminal syndicate.

6.      Moreover, the ICS RACKETEERS continues to monitor and record telephone calls to California residents, including Plaintiff.

7.      During the relevant period herein, thousands of telephone calls with individuals in California were recorded by the ICS RACKETEERS's telephone systems at the direction of each of the other Defendants.

## JURISDICTION

8.      Jurisdiction is proper in the Superior Court because Plaintiff is resident of San Diego, California.

## VENUE

9.      Venue is proper in San Diego County because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in San Diego County. Each of the Defendants has sufficient minimum contacts with San Diego County and the State of California, and otherwise purposely avail themselves of the markets in this state.

COMPLAINT - 4

## PARTIES

10.     Plaintiff ANTON A. EWING is a resident of San Diego County, California whose confidential telephone communications were unlawfully recorded by the ICS RACKETEER Defendants during the period relevant herein.  Plaintiff EWING had placed his telephone number for his cellular phone on the Do Not Call registry in 2012. On March 21, 2016, Plaintiff EWING was knowingly and intentionally called by the ICS RACKETEER Defendants based on a telephone list obtained by the ICS RACKETEERS.

### Defendants

11.     Defendant ICS is located on 450 Fairway Dr. #204, Deerfield Beach, FL 33441.

12.     Plaintiff is informed and believes, and therefore alleges, that Defendant ICS RACKETEERS owned the call centers that were used to make the non-consensual recordings of confidential communications that are at the core of this matter.  ICS RACKETEERS also supervised and conducted the internal affairs and daily business operations of Defendant ICS in such a way as to treat all of its subsidiaries, including the ICS RACKETEERS as their alter ego, by engaging in conduct, acts or omissions including controlling ICS RACKETEERS to such a degree as to render ICS RACKETEERS a mere instrumentality of Defendant ICS.  Defendant ICS, its agents and employees and ICS constitute a racketeering enterprise.  Said enterprise used and employed the wires of the United State of America to engage in fraudulent and criminal activity by calling to Plaintiff's California cellular telephone.  These calls crossed state lines and thus constitute the predicate act of wire fraud in that Defendants used the telephone infrastructure of the United States to commit their interstate criminal activities that were continuous and ongoing for several years.  Defendant ICS is in the business of illegally selling lists of names of persons on the National Do Not Call list so that those persons get and receive calls from

spammers and telemarketers.  Defendant ICS knows that all of the calls made are recorded without permission or proper disclosure of the recording.

13.     Plaintiff is informed and believes, and therefore alleges, that defendant ICS RACKETEERS' comprehensive right to control is sufficient to meet the agency standard under California law.

14.     During the relevant period described herein, Defendants each aided and abetted, encouraged and rendered substantial assistance to each other in furthering the CIPA and RICO violations.  In addition to acting on their own behalf individually, Defendants, each of them, are and were acting as the agent, alter ego, servant, employee, joint venturer, and representative of, and with the knowledge, consent and permission of, and in concert with the other defendants. The actions of the defendants as described in this complaint all fall within the course, scope, and authority of the agency, service, and employment relationships that exist between the defendants, and as such, create joint ventures between all of the defendants to the extent that binding legal relationships do not already exist. The actions and representations of Defendants constitute a conspiracy on the part of Defendants for the purpose of such actions and representations made to the Plaintiff of this cause of action.   The ICS RACKETEERS illegally and unlawfully engaged in the conduct of an enterprise through a pattern of racketeering activity.  Said conduct occurred over an extended period of time so as to form a pattern.  The enterprise consisted of Defendants ICS , Scholl and Sharpe and each fictitiously named defendant.  The enterprise was controlled, operated, directed and managed by Defendants Scholl, Sharpe, and other persons that are yet to be determined and remain unknown as of the time of filing this Complaint.  The racketeering activity consisted of the making of threats, extortion, wire fraud, mail fraud, and violations of California criminal laws, including illegal recording of Plaintiff's calls.  Each of the above stated acts by Defendant ICS (who called Plaintiff multiple times) and co-conspirators Defendants

Scholl and Sharpe, constitute racketeering activity indictable pursuant to 18 USC §1962, et seq. Defendant ICS has also violated California's racketeering statute (PC §186 et seq), which is hereby incorporated by this reference as if fully set forth herein.  This state law racketeering claim is a pendant claim that may be heard by the federal district court alongside the federal question causes of action.  Defendant ICS is no doubt engaging in organized crime.

Wire Fraud under 18 USC §1343 is when Defendant ICS, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmitted or caused to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice. In this case Defendant ICS called Plaintiff personally and caused Plaintiff to be called and recorded in violation of California's criminal law.  Defendant ICS's call constituted a scheme and artifice to defraud Plaintiff and to obtain money and property from Plaintiff.  Defendant ICS attempted to get Plaintiff to send them money.  The calls were transmitted by means of wires in interstate commerce through the telephone and internet lines of the United States.  Defendant ICS's calls also constituted threats and extortion using the wires of the United States.  Defendant ICS made two or more calls to Plaintiff to engage in wire fraud, extortion and threats.  For purposes of the particularity requirement, Defendant ICS called on March 21, 2016.   ICS RACKETEERS are clearly the type of racketeer that Congress intended to stop when it passed the RICO law some 40 years ago.

This is not Defendant ICS's first rodeo.  Defendant ICS personnel admitted that they use "Echo" as an autodialing system that responds to people with a robot voice.  Clear wire fraud by Defendant ICS.   ICS is employing the use of the wires of the US to engage in its illegal and criminal telemarketing activities.

COMPLAINT - 7

## FACTUAL ALLEGATIONS REGARDING CONFIDENTIAL

## TELEPHONIC COMMUNICATIONS WITH PLAINTIFF

15.     On March 21, 2016, Plaintiff EWING was called by ICS RACKETEER Defendants. ICS RACKETEER Defendants engaged Plaintiff EWING in confidential telephone communications.  To the best of plaintiff EWING's recollection, he spoke to ICS RACKETEER Defendants' personnel several times in addition to being called by the ICS and/or ICS robotic Echo system.  On any of the occasions when he spoke telephonically with ICS RACKETEER Defendants' personnel, Plaintiff EWING was not advised at the outset of the calls that the calls might be recorded by ICS RACKETEERS Defendants.  In light of the sensitive nature of the personal and confidential information being discussed during the telephone calls, Plaintiff EWING had an objectively reasonable expectation of privacy – in that he reasonably expected that the conversations were not being overheard, monitored and/or recorded.   Defendant ICS refused to provide Plaintiff with a written copy of its do not call policy and refused to take Plaintiff's name and number off the telemarketing list.

## DEFENDANTS' IMPROPER AND ILLEGAL

## RECORDING POLICIES AND PRACTICES

16.     Defendants' policies and practices, during the period relevant herein and continuing to the present, were to record confidential telephonic communications with California individuals, without advising them at the outset of each telephone call that it is being recorded, in violation of California Penal Code §630, *et seq.*

17.     The ICS RACKETEER Defendants did not obtain consent to record any of the telephone conversations prior to the time they recorded the calls.

18.     ICS RACKETEERS designed and implemented an extensive call center system for the thousands of consumer transactions serviced by its various affiliates and subsidiaries.

During the times relevant to the CIPA claims made herein, the system included 3 domestic and international call centers from which customer calls are placed and received on behalf of ICS RACKETEERS business units.

19.     ICS RACKETEERS operate, implement and manage the architecture and infrastructure necessary to meet the call recording strategies set by ICS RACKETEERS Defendants.  At the direction of the relevant business unit subsidiary of ICS RACKETEERS, ICS RACKETEERS's infrastructure dialed telephone numbers to California individuals and recorded the telephone calls. The volume of calls was extraordinary.  At each call center, defendant ICS RACKETEERS used databases and servers to store and retrieve the recordings.

20.     ICS RACKETEERS continue to maintain call centers and oversee recordings in connection with ICS RACKETEERS's line of business.  Plaintiff will seek, demand and argue for punitive damages at trial herein to send a message to Defendants and others similarly situated that violation of California's criminal and federal stalking, terrorism and harassment laws are not allowed.

21.     The central automated telephone dialing system ("ATDS") was, and currently continues to be, used by Defendants to initiate up to two thousand calls a day.  The ATDS is used by all the subsidiaries of ICS RACKETEERS.  Approximately 10% or 1,000 of these calls were made to California consumers.  Defendants' policy and practice was to set the ATDS to call the consumer's home, business, and cellular telephones up to five times a day.  Depending on the instructions given by each business unit, 15%-20% of all of the telephone calls (at times up to 100% of the calls in certain businesses) were set to record by ICS RACKETEERS and recorded, using a centralized call recording hardware and software.  Recording began when the customer was connected with a call center agent.

22.     Defendants together strategically managed the ATDS to maximize

resources, i.e., by employing a consistent process across the businesses for determining how and when calls would be made through the ATDS and scoring or rating the calls for advance treatment through the ATDS.

23.      ICS RACKETEERS's businesses directly loaded customer information onto ICS RACKETEERS's "mainframe" or "back-end" computer system, which includes the ATDS. During the day, accounts would be loaded into dialer tables, and the tables would then be run through the dialer.  Once the ATDS would initiate the call, and a customer would answer, ICS RACKETEERS's "automated call distributor" would then route the call to an available agent. Defendants called Plaintiff EWING at 619-719-9640, his personal cellular telephone.  Plaintiff EWING was physically present in California during each and every illegally recorded telephone conversation alleged herein.  At the same time the call was routed, the agent received the customer's information on a computer screen.  If a recording of the telephone communications was going to be made by the recording system, the recording would begin when the ICS RACKETEER Defendants' agent picked up the call.  The agents do not have the ability to stop or start call recording.  The agents do not know which calls are being recorded.  An employee of ICS RACKETEERS stated that all calls are recorded and there is no warning or disclosure of such recording to the consumer.

24.      With respect to whether the telephone agents themselves provide the call recipients with a verbal advisement that the call may be recorded, Defendants admit to a policy whereby the  agents *do not provide any advisement* to customers that the calls are being recorded.

25.      For calls related to the ICS RACKETEERS business, Defendants are required, pursuant to California Penal Code §630 et seq., to give a verbal advisory that the call is being recorded before speaking to a customer.  The ICS RACKETEERS Defendants have previously

admitted that based on an evaluation of a sample set of recordings, a verbal advisory was not given.

26.     CIPA prohibits the recording of communications without first obtaining the consent of all parties to the conversation. Cal. Penal Code §632. PC Section 632.7 does not require that a communication be confidential in order to be provided protection from interception or recording. The text of the section notably contains no reference to "confidential communications;" moreover, more than just confidential communications are protected. ALL communications that are recorded without the consent of both parties to the communication are protected.

The right protected by Section 632 is not against the betrayal of a party's confidence by the other party. Rather, Section 632 protects against simultaneous dissemination to an unannounced second auditor without the party's consent.  Any communication, regardless of the intimacy of the facts discussed, that is recorded devoid of notice of recordation, is a violation of California law.

27.     Under California law, the term "confidential communication" includes any communication carried on in circumstances that may reasonably indicate that any party to the communication desires it to be confined to the parties thereto. Cal. Pen. Code §632(c).   In other words, a communication is confidential "if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard."

28.     In light of the sensitive nature of the personal financial and related information being discussed in the calls with Defendants, Plaintiff had an objectively reasonable expectation of privacy – in that EWING reasonably expected that the conversations were not being overheard, monitored and/or recorded.

29.      The absence of any such advisement would lead a California consumer to reasonably anticipate that his/her telephone call was not being recorded.  In November 2011, the California Court of Appeal in *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377, 1385 (2011), held that an automated advisory that the call "may be monitored and recorded for quality assurance" does not constitute adequate notice to the call recipient.

30.      In violation of the CIPA, Defendants recorded Plaintiff's telephone calls without EWING's express consent.

31.      Defendants have engaged in a pattern and practice of recording a substantial percentage of the telephonic communications with individuals located in California.

32.      Defendants intentionally, and without the consent of all parties, by means of an electronic recording device, recorded confidential telephonic communications with Plaintiff EWING.

33.      The complaint here is timely filed.  The applicable statute of limitations for violations of the CIPA is one year (Cal. Civ. Proc. Code §340(a).

34.      This Complaint is thus timely filed and Defendants have been on timely notice.

## CAUSES OF ACTION

### (For Statutory Damages and Injunctive Relief for Violations of Cal. Penal Code Sections 632 and 637.2(a)-(b))

35.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.      At all times relevant herein, Defendants routinely communicated by telephone with Plaintiff in connection with attempts to sell products of Defendants.

37.      At all times relevant herein, Defendants made use of a software system that enabled them to secretly record confidential telephone conversations

COMPLAINT - 12

between Plaintiff on the one hand, and Defendants on the other hand.

38.      In each of his conversations with Defendants, Plaintiff discussed his confidential personal financial circumstances and affairs, on each account.  It was reasonable for the Plaintiff to expect that the conversations would be confined to the parties to the conversation, and that his conversations were not being overheard or recorded.

39.      Each of the conversations between Defendants and EWING was a "confidential communication" within the meaning of California Penal Code section 632(c).

40.      California Penal Code section 632 prohibits a party from recording such conversations without first informing all parties to the conversation that the conversation is being recorded.  Defendants' confidential telephone communications with Plaintiff were secretly and surreptitiously recorded by Defendants without obtaining consent to record such conversations.

41.      Defendants' practice of recording telephone conversations with Plaintiff violated California Penal Code section 632(a).

42.      Pursuant to California Penal Code §637.2(a)(1), Plaintiff is entitled to recover statutory damages in the amount of $5,000 per violation.  Plaintiffs' counsel is also entitled to attorneys' fees and costs pursuant to Cal. Civ. Proc. Code §1021.5.  Plaintiff consulted with several California licensed attorneys and paid for said legal advice to enable him to bring this suit.

43.      Pursuant to California Penal Code §637.2(b), Plaintiff also seeks a preliminary and permanent injunction to restrain Defendants from committing further violations of CIPA and to prohibit and prevent Defendants from making future death threats to Plaintiff and his family.

COMPLAINT - 13

44.     Pursuant to California Penal Code §637, Defendants have willfully disclosed the contents of Plaintiff's telephonic communications to a third party without EWING's consent.

## RICO CONSPIRACY 18 U.S.C. §1964(c)

45.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.     Defendants, and each of them, have engaged in the predicate acts of wire fraud and money laundering which supports the claim of violation of 18 U.S.C. §1962(d) and (c), conspiracy to conduct racketeering affairs through a pattern of racketeering activity. Additionally, Defendants have made express and intentional threats directly at Plaintiff that were within the course and scope of the racketeering enterprise's operations.  The enterprise is the combination of the entities named herein as defendants.  Specifically, the ICS RACKETEERS is the enterprise.  The period of the conspiracy has lasted from at least August 2014 forward to present day.  Upon information and belief, the conspiracy began in 2014 when Defendant Scholl created ICS RACKETEERS.  There are two or more acts that form the basis of racketeering engaged in by Defendants by using the wires of the United States to illegally record Plaintiff's telephonic conversations and laundering over $10,000 of the proceeds of the wire fraud through financial institutions.  Defendants engaged in the fraudulent use of the wires to threaten and extort Plaintiff into handing over money or property to Defendants.  Defendants are also engaging in voluminous spam calling in direct violation of 47 U.S.C. §227 to solicit confidential information over the wires of the United States.  Defendant ICS is associated with and a member of the enterprise as alleged and described above by Plaintiff.  Defendant ICS knowingly committed at least two of the predicate acts herein described.  The predicate acts formed a pattern of racketeering activity by having the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing

characteristics so that they were not isolated events.  The predicate acts amounted to, or threatened the likelihood of, continued criminal activity posing a threat of continuity projecting into the future and through the commission of the two or more connected predicate acts, the Defendants conducted or participated in the conduct of the affairs of the enterprise.  The enterprise was engaged in, or its activities affected, interstate commerce.  The use of the wires and the laundering of money through financial institutions affects interstate commerce.

47.     Plaintiff has been injured in his business and property as a direct and proximate cause of Defendants willful violations of California law as described above, which is the pattern of racketeering activity.  Plaintiff business has suffered a significant economic downturn as a direct and proximate cause of ICS's racketeering activities as described herein.  Plaintiff has lost money and revenues that could have been earned but for ICS racketeering activity.  Defendants did not act by mistake or accident but rather acted voluntarily and knowingly all while conspiring to defraud Plaintiff of his privacy, money, business and property.  Each and every fraudulent telephone conversation that forms the basis of this cause of action constituted an illegal use of the wires in violation of 18 U.S.C §1343.

48.     Plaintiff demands threefold damages as well as statutorily imposed attorney fees as a result of Defendant's racketeering activities described above.  Plaintiff has had to consult with a licensed attorney at law to prosecute this action and those attorney fees are requested to be paid or reimbursed.

49.     Defendant's actions did not result in nor were caused by the purchase of or sale of securities.

50.     Defendant's use of the wires (18 U.S.C. 1343) within the United States went across state lines and thus constitutes the interstate commerce of the racketeering enterprise of Defendants.

51.     Defendants committed two or more acts of racketeering activity within the ten years prior to filing this cause of action.

52.     In addition, Defendant's pattern of racketeering activities is the constant and multiple recording of thousands of telephone calls illegally over an extended period of time as described above as well as a knowing and intentional violation of the Do Not Call registry. Moreover, Defendant ICS's extortionate threats constitute the pattern of racketeering activities.

53.     Each Defendant named herein engaged, directly or indirectly, in the pattern of racketeering affairs and activities described above.  Defendant ICS's overt and express threats to Plaintiff over the telephone also constitute predicate acts for purposes of racketeering activity.

54.     Defendants laundered their profits, revenues, expenses and income from their racketeering activities as defined by 18 U.S.C. 1961(1), through US financial institutions in violation of 18 U.S.C. §§1956 and 1957.  Defendant ICS has earned, illegally, over $10,000 in this racketeering enterprise operation and Defendant ICS has laundered those said funds through financial institutions in the United States.

55.     The Defendants specified unlawful activity for purposes of 18 U.S.C. §1956(c)(7), is 18 U.S.C. §1343 as defined in 18 U.S.C. §1961(1).

**VIOLATION OF 47 U.S.C. §227 DO NOT CALL REGISTRY**

56.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57.     47 C.F.R. 64.1200(c)(2) prohibits calling any number on the national Do Not Call Registry.  47 C.F.R. 64.1200(a)(1)(iii) states that no person or entity may initiate any commercial purpose telephone call to any cellular telephone that is already on the national do-not-call registry.  Plaintiff and Defendants do not and did not ever have any pre-existing or established

business relationship at any time.  Defendants are not a tax-exempt nonprofit organization or a political organization.

58.     Defendants do not have a do not call database.  Defendants refused to identify themselves upon request by Plaintiff.   Defendants refused to put Plaintiff on their do not call list. Defendants used and employed an automated dialer to call Plaintiff.

59.     Defendants do not have a do not call policy that is written.

60.     Defendants refused to provide Plaintiff with a written copy of any do not call policy.

61.     Defendants do not scrub their call lists against the national do not call list or registry.

62.     Defendants do not have any personal relationship with Plaintiff.

63.     Defendants refused to provide the full name of the caller on the telephone who initiated the call.

64.     Defendants refused to provide a telephone number or address at which the Defendants could be contacted.

65.     Defendants knowingly and willfully violated the automated-call requirements under 47 U.S.C. §227(b)(3) and willfully and knowingly violated the do-not-call-list requirements under 47 U.S.C. §227(c )(5).  *Charvat v. NMP, LLC* (2001, CA6 Ohio) 656 F.3d 440 holds that Plaintiff may recover both $1500 statutory damages awards even if both violations occurred in the same telephone call.

66.     Defendants engaged in unsolicited advertising through the use of wires in the United States.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against

Defendants as follows:

      A.      For statutory damages in the amount of $5,000 per violation pursuant to California Penal Code §637.2(a)(1) or, if greater, three times actual damages as provided in California Penal Code §637.2(a)(2); $500 plus threefold damages for intentional violation of the Do Not Call registry for each and every call, failure to maintain an do not call list, and failure to provide a written copy of do not call policy.

      B.      For punitive damages in an amount to be determined with exactness at trial herein;

      C.      For threefold damages pursuant to 18 U.S.C. §1964(c);

      D.      For a preliminary and permanent injunction to restrain further violations of the CIPA, pursuant to California Penal Code §637.2(b);

      E.      For the payment of reasonable attorneys' fees and costs of suit incurred herein under all applicable statutes and rules including under Cal. Civ. Proc. Code §1021.5 and 18 U.S.C. §1964;

      F.      For pre- and post-judgment interest at the legal rate; and

      G.      For any other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and demands a trial by jury for all claims so triable.

///

This is a verified complaint and all statements and declarations herein are true and correct to the best of my knowledge, information and belief.

Dated this 7th day of April, 2016

/s/ *Anton A. Ewing*
Anton A. Ewing,
Plaintiff in pro per

## DECLARATION IN SUPPORT OF COMPLAINT

I, ANTON EWING, hereby depose, declare and state the following as true and correct under penalty of perjury under the laws of the State of California:

1.  I was called multiple times by Defendants herein and said calls were recorded without my knowledge or consent on March 21, 2016 and at other times.
2.  My cellular telephone was registered with the national Do Not Call list more than 31 days prior to any and all calls made to said cell phone.

I am competent to testify to the above stated factual assertions.

Dated this 7th  day of April, 2016

/s/ *Anton A. Ewing*
Anton A. Ewing
Plaintiff in pro per

COMPLAINT - 19