1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANTON EWING,

Plaintiff,

v.

INTEGRITY CAPITAL SOLUTIONS, INC., et al.,

Defendants.

Case No.:  16-cv-1469 JLS MDD

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

(ECF No. 6)

Presently before the Court are Plaintiff's Motion to Remand Case to Superior Court ("Remand Mot."), (ECF No. 6), Defendants Integrity Capital Solutions, Inc. and Michele Sharpe's (collectively, "Defendants") Opposition to Plaintiff's Motion to Remand ("Opp'n"), (ECF No. 9), and Plaintiff's Reply to Defendants' Response to Motion to Remand to State Superior Court, (ECF No. 12). Having considered the Parties' arguments and the law, the Court **DENIES** Plaintiff's Motion to Remand.

## BACKGROUND

On April 11, 2016, Plaintiff filed the instant case in California Superior Court (*Anton Ewing v. Integrity Capital Solutions, Inc., et al.*, 37-2016-00011562-CU-BT-CTL). (Defs. Integrity Capital Sols., Inc. and Michelle [sic] Sharpe's Notice of Removal ("Removal Notice") ¶ 1, ECF No. 1.) On May 5, 2016, "Defendants Integrity Capital Solutions, Inc. and Michelle [sic] Sharpe were served, via substitute service, with the Summons and

Complaint . . . ." (*Id.* ¶ 2.) Specifically, a process server went to (1) the address on file with the Florida Secretary of State for Defendant Michele Sharpe in her capacity as the Registered Agent for Defendant Integrity ("Sharpe Address"), (Remand Mot. Ex. A), and (2) the address Defendant Integrity lists on its website as its principal place of business, (Riley Decl. Ex. C), and on file with the Florida Secretary of State as Defendant Integrity's principal place of business ("Integrity Address"), (Remand Mot. Ex. A). (Riley Decl. Ex. A.) The process server attempted service at the Sharpe Address on three separate days, but was generally unable to access the property, which was "fenced in . . . with a locked gate and a 'beware of dog' sign posted." (*Id.*) The process server ultimately "[c]onfirmed with [a] neighbor [that] Michelle [sic] Sharpe does live here." (*Id.*) The process server then twice attempted service at the Integrity address. (*Id.*) He first received an answer from an unknown individual stating that "Integrity Capital Solutions [and] [M]ichelle [sic] [S]harpe are unknown." (*Id.*) Next, and ultimately, the process server returned to the address on April 25, 2016 and spoke "with Travis[,]" who refused to give his last name but  "who state[d] he is the manager" and "said let me get her" when the server asked for Michele. (*Id.*) However, when Travis returned he "said she's not here[,]" at which point a second, "hostile male came out and said Michelle [sic] does not come here" and that the "company here is Education Source, Inc." (*Id.*) Nonetheless, the process server left all relevant documents "with or in the presence of" Travis. (*Id.*) On May 5, 2016, another process server mailed the relevant documents to the Integrity address. (*Id.*)

On June 14, 2016, Defendants filed their Removal Notice. (*See generally* Removal Notice, ECF No. 1-1.) Several weeks later, Plaintiff moved to remand the action to state superior court as untimely removed. (*See generally* Remand Mot.)

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court. 28 U.S.C. § 1441(a). In addition to demonstrating a proper basis for removal under Section 1441, a defendant must file a "notice of removal . . . within 30 days after the receipt by the

defendant . . . of a copy of the initial pleading . . . ." § 1446. This requires either "simultaneous service of the summons and complaint, or receipt of the complaint . . . after and apart from service of the summons, but not . . . mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

The party invoking the removal statute bears the burden of establishing that federal jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).[1]

## ANALYSIS

Plaintiff asserts several arguments in support of his Remand Motion: (1) "[t]he removing defendants were served twice, by process servers, more than 30 days before June 14, 2016, the date of filing of the Notice of Removal," (Remand Mot. 8); (2) Defendants failed to obtain the consent of Defendant Harvey Scholl prior to removal, (*see id.* at 10); (3) Defendants were "divested of any power to do any substantive act in this matter" due to Plaintiff's filing of an application for entry of default, (*id.* at 10–11); and (4) Defendants

---

[1] In the present case, both Plaintiff and Defendant have attached various Exhibits to their moving papers. Federal Rule of Evidence 201(b) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "Judicially noticed facts often consist of matters of public record, such as prior court proceedings . . . or other court documents." *Botelho v. U.S. Bank, N.A.*, 692 F. Supp. 2d 1174, 1178 (N.D. Cal. 2010) (citation omitted); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (The court "may take judicial notice of court filings and other matters of public record"). Accordingly, the Court judicially notices the attached Exhibits relevant to this Remand Motion—they all either are matters of the public record or come from sources whose accuracy cannot reasonably be questioned.

both failed to sign the Removal Notice and failed to attach "a copy of all process, pleadings and orders served upon such defendant or defendants" in the State Court action, (*see id.* at 12–13). The Court addresses each argument in turn.

## I. Plaintiff's Service

Plaintiff initially argues that Defendants' removal was untimely because both removing Defendants were served more than thirty days prior to Defendants' removal. Defendants respond that "[s]ervice of process on Defendants was insufficient to trigger the 30-day removal period; any removal by Defendants is therefore timely." (Opp'n 2.) The Court does not agree with either party, but nonetheless concludes that Defendants' Removal Notice was timely filed.

In California, substitute service is authorized when personal service is difficult to accomplish with reasonable diligence, e.g., "two or three attempts to personally serve a defendant at a proper place . . . ." *Bd. of Trs. of the Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 337 (2013); Cal. Code Civ. P. § 415.20(a). Specifically,

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.[2]

---

[2] Defendants argue that substitute process is not valid for a corporation with a registered agent for service of process pursuant to California Code of Civil Procedure section 415.95(a). (Opp'n 6–7.) However, Defendants fail to note that section 415.95 applies only to businesses of "unknown form." And Defendants offer no evidence that Defendant Integrity is organized in an unknown form. To the contrary, as evidenced by a filing with the Florida Secretary of State, all evidence points to the fact that Integrity Capital Solutions is incorporated as a Florida for-profit corporation. (Remand Mot. Ex. A.)

4

*Id.* Further, "[s]tatutes governing substitute service shall be 'liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant . . . .' " *Hearn v. Howard*, 177 Cal. App. 4th 1193, 1201 (2009) (quoting *Ellard v. Conway*, 94 Cal. App. 4th 540, 544 (2001)).

As an initial matter, in the present case Defendants in their Removal Notice took issue with Plaintiff's substitute service, stating that Plaintiff had served the documents at the wrong address: "My client, Defendant Integrity, is not located at Suite 204. Instead, their address around the time of service was simply 450 Fairway Drive, Deerfield Beach, FL 33441. A true and accurate copy of their contact information webpage is attached hereto as **Exhibit C**." (*Id.* ¶ 6.) But the attached exhibit explicitly lists Integrity's address as being located at Suite 204, (*id.* Ex. C), a fact that is further verified by Integrity's March 22, 2016 filing with the Florida Secretary of State, (Remand Mot. Ex. A). Accordingly, Defendants' assertion here is facially incorrect.

Defendants wisely do not continue this line of argument in their Opposition, instead arguing remand is improper because "Integrity's agent for service of process was not properly served" and that "[i]ndividuals working for an 'Education Source, Inc.' are not authorized individuals to accept service of process on behalf of Defendant Integrity." (Opp'n 8–9.) However, Plaintiff's process server attempted to serve Defendant Integrity five times in total—thrice at Michele Sharpe's address and twice at Integrity's address. When the process server went to Integrity's address and asked for Michele, an individual named Travis—who held himself out as "the manager" at the address that Integrity filed with the Florida Secretary of State as its principal place of business—explicitly stated that he would go get her, only to return and say "she's not here." (Riley Decl. Ex. A.) And there is no question that Defendants were in fact actually notified of Plaintiffs lawsuit. (Riley Decl. ¶¶ 8–9). Given all of these facts, the Court is satisfied that Plaintiff sufficiently complied with the California Code of Civil Procedure provisions governing substitute service such that Defendants' were validly served. *See Hearn*, 177 Cal. App. 4th at 1201–03 (finding valid substitute service where process server "attempted to personally serve

appellant at the business address on her letterhead and reported by the California State Bar[,]" but upon discovering the "business address was not an office, but rather, a private post office box rental store[,]" instead "left the documents with the mail store clerk"); *see also Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("So long as a party receives sufficient notice of the complaint, Rule 4 is to be liberally construed to uphold service.").

The only remaining question is whether—applying the relevant time limits from California Code of Civil Procedure section 415.20(a) and the 28 U.S.C. Section 1446— Defendants' Removal Notice was timely filed. Plaintiff's substitute service was not completed pursuant to section 415.20(a) until "10[] days[s] after the mailing" of the relevant documents. The process server mailed the documents on May 5, 2016. (Riley Decl. Ex. A.) Service was therefore completed on May 15, 2016, and Section 1446's thirty-day removal provision was triggered. However, the Federal Rules of Civil Procedure require the Court to "exclude the day of the event that triggers the period" for "any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a), (a)(1)(A). Accordingly, June 14, 2016 was the thirtieth day "after the service of summons upon the defendant[,]" 28 U.S.C. § 1446, and Defendants' Removal Notice was therefore timely filed on that day.[3]

## II. Defendant Scholl's Consent

Plaintiff next argues that Defendant Harvey Scholl was properly served prior to Defendants' Removal Notice filing, and thus removal was improper because Defendants did not acquire Mr. Scholl's consent. (*See* Remand Mot. 10.) Defendants respond that Mr.

---

[3] Plaintiff also briefly argues that he complied with California Code of Civil Procedure section 415.40, which permits service by mail "on a person outside th[e] state . . . ." (Remand Mot. 6.) However, the Exhibit Plaintiff attached reveals that the letter was returned to sender unclaimed. (Remand Mot. Ex. E.) This is insufficient service pursuant to section 415.40. *Stamps v. Superior Court*, 14 Cal. App. 3d 108, 110 (Ct. App. 1971) (holding that where "the return receipt was returned bearing the notice 'unclaimed[,]' " there "was no 'signed receipt or other evidence' of delivery").

Scholl was not properly served, and that therefore Defendants did not need his consent to remove. (Opp'n 9–10.) The Court agrees with Defendants.

"All defendants who have been 'properly . . . served in the action' must join a petition for removal." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)). As discussed *supra* Section I, California permits substitute service of process in several circumstances. However, in addition to personally serving someone sufficiently connected to the defendant the server must also "thereafter mail[] a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Code. Civ. P. § 415.20.

In the present case, Plaintiff has attached to his Remand Motion the relevant Proof of Service Document for Defendant Scholl. (Remand Mot. Ex E.) However, the Proof of Service indicates that Defendant Scholl was served "by substituted service" by leaving the relevant documents with or in the presence of "Steven Oliver[,]" the "Person in Charge" at 21346 Saint Andrews Blvd. #105, Boca Raton, FL 33433. (*Id.*) Another process server subsequently mailed service to "Harvey Scholl, an individual" at 3350 NW Boca Raton Blvd., A34, Boca Raton, FL 33431. (*Id.*) Given that the two addresses do not match, Defendant Scholl does not appear to have been properly served pursuant to the relevant California Code provisions. Accordingly, Defendants were not required to obtain Mr. Scholl's consent prior to filing their Removal Notice.

## III. The Effects of Plaintiff's Application for Default

Plaintiff next argues that "an application for entry of default was . . . filed on June 13, 2016," and that therefore "Defendants were divested of any power to do any substantive act in this matter" because they "were required to wait and see [i]f the default would be set aside or rejected . . . ." (Remand Mot. 10–11.) Defendants only briefly address this contention, noting that Plaintiff's application was "simply a request; default was not entered against Defendants in State Court." (Opp'n 3, 3 n.2.) Defendants are correct. (Opp'n Ex. 6 (June 13, 2016 denial of Plaintiff's Request for Entry of Default).) Plaintiff

conflates the concept of a <u>request</u> for entry of a default and the actual <u>granting</u> of such a request. *See generally* Cal. Code Civ. P. § 585 (noting that a plaintiff must first file a written application for entry of default and that then the clerk of court, after assessing compliance, is the one who actually enters default). Accordingly, Plaintiff's premature Application for Entry of Default did not foreclose Defendants from taking substantive action in the case.

## IV.   Defendants' Signing of Papers

Plaintiff's final argument for remand is that Defendants did not sign the Removal Notice as required by 28 U.S.C. § 1446(a), (Remand Mot. 7–8), nor did Defendants include copies of "all process, pleadings and orders served upon such defendant" in the state action, (*id.* at 12–13). Defendants respond that they attached to the Removal Notice both the summons and the complaint, and that they were not required to attach Plaintiff's recent discovery requests. (Opp'n 10.) Defendants are correct. Discovery requests prior to removal do not constitute "process, pleadings and orders" for purposes of Section 1446(a). *Visicorp v. Software Arts, Inc.*, 575 F. Supp. 1528, 1531 (N.D. Cal. 1983), *abrogated on other grounds by Stewart Org. v. Ricoh Corp.*, 487 U.S. 22 (1988). And it is of no moment that Defendants' Opposition did not address Plaintiff's signature contention; the Removal Notice was clearly electronically signed by Defendants' Counsel. (*E.g.*, Removal Notice 2, 3.) Accordingly, Plaintiff's arguments here are both without merit.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

16-cv-1469 JLS MDD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

Given the foregoing, the Court **DENIES** Plaintiff's Motion to Remand the present case as untimely removed. Although Plaintiff correctly identifies several aspects of Defendants' arguments that are non-meritorious, ultimately Defendants removed the case from state court on the last permissible day for removal, and Plaintiff's other attempts at substitute service for Integrity, Ms. Sharpe, and Mr. Scholl all failed to comply with the relevant California Code of Civil Procedure provisions.

**IT IS SO ORDERED.**

Dated:  February 27, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

16-cv-1469 JLS MDD