UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>INTEGRITY CAPITAL SOLUTIONS,<br>INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 16-cv-1469 JLS MDD<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br><br>(ECF Nos. 22, 24) |

Presently before the Court are Defendants Integrity Capital Solutions, Inc.'s ("ICS") and Michele Sharpe's (collectively, "Defendants") Motion to Dismiss Plaintiff's Amended Complaint ("ICS MTD"), (ECF No. 22), Defendant Harvey Scholl's Motion to Dismiss Plaintiff's Amended Complaint ("Scholl MTD"), (ECF No. 24), and Plaintiff's Response to Defendants' Second Motion to Dismiss ("Opp'n"), (ECF No. 25). Having considered the Parties' arguments and the law, the Court **GRANTS IN PART** Defendants' Motion to Dismiss.

**BACKGROUND**

Plaintiff asserts various claims stemming from alleged phone calls Defendants placed to Plaintiff without prior authorization. (*See generally* First Amended Complaint ("FAC"), ECF No. 21.) Plaintiff alleges that Defendants made the phone calls with an Automatic Telephone Dialing System, which can be verified by the "click and pause"

contained at the start of "a full and complete recording" Plaintiff has of one such call. (FAC 3; *see also id.* at 5 (alleging that one of Defendants' agents "admitted on the call that he used an ATDS to initiate the dialing of the call").) Plaintiff further asserts that the purpose of Defendants' calls were to "sell . . . usurious loans into California without a California Finance Lender license or a California Real Estate Broker license." (*Id.* at 11 (noting that Defendants sold loans at over 10% interest in violation of California law); *id.* at 13 ("Defendant did, in fact, sell and continues to sell illegal loans into California, including express and intentional selling to Plaintiff.").) These calls allegedly harmed Plaintiff in various ways. (*Id.* at 12–14.) Based on these facts, Plaintiff identifies five causes of action:

> (1) [violation of the] Telephone Consumer Protection Act, (2) fraud, (3) violation of Business & Professions Code 17200 for unfair business practices, (4) violation of California's Invasion of Privacy Act at Penal Code 630, et seq., and (5) [violation of] RICO under 18 USC §1961, §19622 and §1964.

(*See* FAC 2; *see also id.* at 26–27.)

On April 11, 2016, Plaintiff filed the instant case in California Superior Court (*Anton Ewing v. Integrity Capital Solutions, Inc., et al.*, 37-2016-00011562-CU-BT-CTL), which Defendants subsequently removed to Federal Court. (Defs. Integrity Capital Sols., Inc. and Michelle [sic] Sharpe's Notice of Removal ("Removal Notice") ¶ 1, ECF No. 1.) Defendants previously moved to dismiss Plaintiff's cause of action for violation of the Racketeering Influence and Corrupt Organizations Act ("RICO"), (ECF No. 3), which the Court granted, (Order Granting Defendants' Motion to Dismiss ("First MTD Order"), (ECF No. 19)). However, the Court granted Plaintiff leave to amend his Complaint, (ECF No. 19), which Plaintiff did. Defendants now move to dismiss the First Amended Complaint in its entirety. (ECF No. 22.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states

a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts " 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* Additionally, when a plaintiff proceeds *pro se* the court must "construe the pleadings liberally and . . . afford the p[laintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

///

Finally, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

Defendants move to dismiss Plaintiff's First Amended Complaint in its entirety.[1] (ICS MTD 1–2.) In the 1.5 pages Defendants devote to their Motion to Dismiss, Defendants generally argue that "the FAC is almost wholly conclusionary [sic], and the claims by the way they are pled demonstrate they are not tethered on facts." (ICS MTD 1.) Defendants' sole citations to authority are to (1) Federal Rule of Civil Procedure 12(b)(6); (2) Federal Rule of Civil Procedure 8(a); (3) *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); and (4) *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Defendants' Analysis Section reads, in total:

> For all the reasons set forth in this Court's February 27, 2017 order (docket # 19), the FAC should be dismissed. Indeed, Defendants' [sic] submit the FAC is even worse in many ways than the original complaint.

(ICS MTD 2.)

But, as the Court recounted in the Background Section above, Defendants previously moved to dismiss solely Plaintiff's RICO cause of action. And the Court granted only that limited request. (First MTD Order 7 ("Given the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's RICO cause of action. Plaintiff's RICO claim is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is **GRANTED LEAVE TO AMEND** his Complaint.") (emphasis in original).) Accordingly, Defendants' sole statement of

---

[1] Defendant Scholl's Motion to Dismiss merely "adopts all arguments" presented in the ICS Motion. (Scholl MTD 1.) And although Defendant Scholl's Motion to Dismiss failed to comply with several Civil Local Rules, (ECF No. 24), the Court nonetheless accepted his Motion. However, Defendant Scholl is admonished that future failure to comply with Civil Local Rules may result in the Court not accepting non-compliant documents or taking other disciplinary action. This is especially true given that, despite Defendant Scholl's *pro se* status, he is in fact a licensed attorney in Florida. (*See* Scholl MTD 2.)

analysis in the instant Motion to Dismiss—that "[f]or all the reasons set forth in this Court's February 27, 2017 [O]rder . . . the FAC should be dismissed[,]" (ICS MTD 2)—necessarily only encompasses Plaintiff's amended RICO Claim. The Court therefore addresses this discrete issue.

In the Court's prior Order, it held as follows regarding Plaintiff's RICO claim:

> Plaintiff has not alleged sufficient factual material to establish a plausible [RICO] violation by Defendants. A valid RICO claim requires allegations sufficient to establish "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) (footnote omitted). Notably, to satisfy element number three "requires at least two predicate acts." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1116 (9th Cir. 2008). In the present case, Plaintiff has only specifically alleged one phone call to his personal phone. (Compl. ¶¶ 4, 10, 14, 15). And Plaintiff's other allegations that could potentially form the basis for a "pattern" are simply not supported by anything other than Plaintiff's bare statements that Defendants took certain illegal actions. This is insufficient to meet the requirement of at least two predicate acts, and therefore Plaintiff's RICO claim fails.

(First MTD Order 6 (footnotes omitted).) Accordingly, the only question presented regarding Defendants' current Motion to Dismiss is whether Plaintiff has plausibly alleged at least two predicate acts and therefore satisfied the third element of a RICO claim. Although a closer call than in the prior Motion to Dismiss, the Court concludes that Plaintiff again fails to state a RICO claim.

Federal Rule of Civil Procedure "9(b)'s requirement that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity' applies to civil RICO fraud claims." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989)). "To avoid dismissal for inadequacy under Rule 9(b)," a Complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id.* (quoting *Albright*, 862 F.2d at 1393).

///

In the instant case, Plaintiff alleges that "Yellowstone Capital, LLC is a Florida LLC that was hired by ICS to knowingly and intentionally make robo-dialed calls to Plaintiff Ewing with a pre-recorded voice message that was used for telemarketing purposes between August 11, 2014 and April 10, 2016." (FAC 5–6; *id.* at 19 ("[I]t was Plaintiff's phone that was called and it was Plaintiff himself who answered the calls.").) Although this is a broad time period, Plaintiff further alleges at least two specific acts on behalf of Defendant ICS: that "Plaintiff was illegally called for telemarketing purposes by ICS staff, employees or agents thereof, <u>including one Michael Shook and one Noel on March 21, 2016 and March 22, 2016, respectively</u>." (*Id.* at 24 (emphasis added).) And these specific assertions tie together with Plaintiff's allegation that "ICS did and does still sell loans into California, to California residents, that far exceed the 10% legal limit" established by Article 15 of the California Constitution, (*id.* at 6). (*See also id.* at 24 ("Michael Shook sent an email with a loan application for ICS on March 21, 2016 to Plaintiff . . . ."); *id.* 12–14 (alleging economic loss due to Defendants' actions).) This satisfies Rule 9(b)'s time, place, and specific content requirements.

However, the RICO statute provides an exclusive list of predicate acts. 18 U.S.C. § 1961 (including wire fraud under § 1343). And although Plaintiff asserts that the above allegations constitute "wire fraud," he nowhere explains how—nor provides case law supporting the conclusion that—a violation of California law constitutes a "scheme or artifice to defraud, or . . . obtain[] money or property by means of false or fraudulent pretenses, representations, or promises . . . ." § 1343. Additionally, although collecting an "unlawful debt" may also serve as a predicate act, such a debt is explicitly defined for purposes of RICO as one where "the usurious rate is at least twice the enforceable rate." 18 U.S.C. § 1961; *Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 665 (9th Cir. 1988). And Plaintiff here alleges only that Defendants' loans "far exceed[ed] the 10% legal limit . . . ." (FAC 6.) This fails to state <u>with specificity</u> a plausible—rather than merely possible—claim that the loans are over twice the enforceable rate.

## CONCLUSION

Given the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss only insofar as it applies to Plaintiff's RICO cause of action. However, Plaintiff's Complaint comes demonstrably closer to alleging a plausible RICO claim than his previous attempt. Accordingly, the Court **GRANTS PLAINTIFF LEAVE TO AMEND** his Complaint in regards to his RICO cause of action. Any such amendment must be within fourteen days of the date on which this Order is electronically docketed.[2] If Plaintiff elects not to amend his Complaint, the case **SHALL** proceed to discovery on Plaintiff's other causes of actions.

**IT IS SO ORDERED.**

Dated: July 11, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[2] If Plaintiff does elect to amend his Complaint, the Second Amended Complaint **SHALL** contain only the revised version of his allegations and clearly delineate the specific causes of action Plaintiff is now asserting and against which Defendant(s) each claim is asserted.