UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                         Plaintiff,<br><br>v.<br><br>INTEGRITY CAPITAL SOLUTIONS, INC., HARVEY SCHOLL, AND MICHELLE SHARPE,<br><br>                         Defendants. | Case No.: 16-cv-1469-JLS-MDD<br><br>**ORDER ON PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT MICHELLE SHARPE**<br><br>**[ECF NO. 47]** |

## **BACKGROUND**

Before the Court is Plaintiff's motion to compel the deposition of Defendant Michelle Sharpe in San Diego rather than in Florida, where she lives and conducts business. (ECF No. 47). The motion was filed on July 2, 2018. Defendant responded in opposition on July 19, 2018. (ECF No. 51). Plaintiff replied on August 5, 2018. (ECF No. 52).

According to Plaintiff, who is representing himself, after being unable to make contact with counsel for Defendant Sharpe to discuss a deposition date, Plaintiff noticed Sharpe's deposition for June 1, 2018, in San Diego. (ECF

No. 47 at 3-4).[1] The notice of deposition was served on April 25, 2018. (ECF No. 47 at 3; ECF No. 47-1). Defendant did not appear and did not move the Court for a protective order. (ECF No. 47 at 4). The parties met and conferred telephonically on June 4, 2018. (*Id.* at 6, ECF No. 51 at 5). The parties agree that at that time, counsel for Defendant informed Plaintiff that the law is well-settled that ordinarily, an individual defendant is to be deposed where she works and lives, citing *Grey v. Continental Marketing Associates, Inc.*, 315 F. Supp. 826, 832 (N.D. Ga. 1970). At that, the parties reached impasse.

## **LEGAL STANDARD**

Rule 30(a)(1), Fed. R. Civ. P., provides that a party may depose any person, including a party. Reasonable written notice of the deposition must be provided to all other parties. Rule 30(b)(1). If a party wishes to obtain documents from the party-deponent at the deposition, the notice may be accompanied by a request under Rule 34. Attendance at a deposition may be compelled by subpoena under Rule 45.

Rule 45 provides limitations regarding the place that a deposition pursuant to a subpoena may proceed. Specifically, deposition by subpoena of a person may command the person's appearance "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Rule 45(c)(1)(A).

Deposition of a party, however, may proceed by notice; a subpoena is not required. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158-59 (9th Cir. 2010); *Nationstar Mortgage, LLC v. Flamingo Trails No. 7*

---

[1] The Court will use page numbers as assigned by CM/ECF rather than original pagination throughout.

2

*Landscape Maintenance Assoc.,* 316 F.R.D. 327, 332-33 (D. Nev. 2016). A deposition of a party proceeding by notice is not governed by Rule 45.

Rule 26(c), Fed. R. Civ. P., provides that a person or party from whom discovery is sought may move for a protective order in the court where the action is pending or, if related to a deposition, in the court in the district where the deposition will be taken.

## DISCUSSION

The Federal Rules do not address the question at issue here: Is a plaintiff limited regarding where he or she may choose to depose another party? Having not addressed the issue, the Federal Rules do not prevent the situation we have here where Plaintiff has noticed the deposition of Defendant in San Diego, where the case is pending, rather than in her home state. *See Grey v. Continental Marketing Associates,* 315 F. Supp. at 832.

*Grey* exemplifies the manner in which courts have addressed the issue of the location of a deposition for a party-defendant. In response to a motion for a protective order under Rule 26(c), absent unusual circumstances, courts generally order the deposition to occur at the place where the defendant resides or does business to avoid undue burden and expense. The opinion in *Grey* came about by means of an appropriate motion from the aggrieved defendants. *Id.*

Defendant has the law right. Had Defendant brought a motion for protective order, the Court would have granted it unless Plaintiff could demonstrate unusual circumstances. But, Defendant did not do so and instead forced Plaintiff to bring this motion to compel. Having done nothing when the rules required action, Defendant has waived her right to challenge the place designated for deposition.

Defendant must appear for deposition in San Diego at a time, date and

place as agreed by the parties within two weeks of this Order, or at another agreed-upon date. Normally, the Court would impose sanctions requiring Defendant to pay Plaintiff's reasonable costs and fees for having to bring this motion. But, as Plaintiff is acting pro se, sanctions will not issue.

Although the Court typically, and for good reason, does not rule on discovery disputes that have not yet occurred, Plaintiff provided an exhaustive document request with his notice of deposition, some, but not all, of which appear facially overbroad and irrelevant. (ECF No. 47-1 at 5-6). In the usual case, a plaintiff serves requests for production of documents upon a defendant and waits to receive them before taking the defendant's deposition. There is no prohibition on Plaintiff acting as he has but the Court is unlikely to order Ms. Sharpe to be re-deposed following document production. This also was a matter that the parties should have met and conferred about after the notice of deposition was served, well before June 4, 2018. Defendant has been on notice that Plaintiff wants these documents since April 25, 2018. Defendant is advised to produce promptly documents as to which there is no objection. Plaintiff may wish to work with Defendant and delay the deposition until he receives sufficient documents. Any dispute regarding the production of documents must be brought to the Court, by Joint Motion pursuant to the Court's Civil Chambers Rules, no later than 30 days from the date of this Order.

## **CONCLUSION**

Plaintiff's motion to compel is **GRANTED**. Defendant Sharpe must appear for deposition at a date, time and place to be agreed upon by the parties no later than two weeks from the date of this Order, absent a contrary

//

//

agreement of the parties. Any dispute regarding the document production requested with the deposition notice, must be filed within 30 days in accordance with this Court's Civil Chambers Rules.

**SO ORDERED:**

Dated: August 6, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge